Reade, J.
 

 An irregular judgment may be set aside at a subsequent term. An irregular judgment is one contrary to tbe course and practice of tbe court.
 

 Tbe exigency of tbe writ was to “answer tbe plaintiff of a plea of trespass on tbe case to bis damage fifteen thousand dollars ” — unliquidated damages.
 

 Tbe judgment was: “tbe defendants-failing to appear, judgment final by default is entered against them for $11,160.49, of which $9,233 is principal money.”
 

 At tbe next term tbe defendants moved to set aside tbe judgment, and tbe motion was allowed. Tbe question is, Had tbe court tbe power to set aside tbe judgment ?
 

 Our statute, Rev. Code, c. 31, s. 57, provides that upon failure of tbe defendant to appear and plead, tbe plaintiff may bave judgment by default, which, in actions of debt, shall be final, unless where damages are suggested on tbe roll; and in that case, and in all others not specially provided for, where tbe recovery shall be in damages, a writ of enquiry shall be executed at tbe next term. At tbe appearance term it would bave been regular, and according to -the course and practice of tbe court, to enter judgment by default, (tbe defendant not appearing,) and award a writ of enquiry to be executed at tbe next term, when a jury would pass upon tbe damages, and tbe court render judgment upon the verdict. Here tbe case was not submitted to a jury at all, but the court ascertained tbe damages and gave final judgment. This was certainly irregular, and tbe judgment was properly set aside.
 

 In justice to tbe learned Judge who presided, it is proper to say that under leave given to tbe attornies to enter judg
 
 *306
 
 ment in
 
 plain cases,
 
 the plaintiff’s attorney, by mistake, entered up the irregular judgment. By
 
 plain cases
 
 the Judge doubtless meant such oases as are enumerated in section 91 of said statute.
 

 There is no error.
 

 Per Curiam.